# NAGEL RICE, LLP

COUNSELLORS AT LAW

| | | |
|---|---|---|
| BRUCE H. NAGEL* | 103 EISENHOWER PARKWAY | OF COUNSEL |
| JAY J. RICE* | SUITE 103 | CARLETON R. KEMPH° |
| ROBERT H. SOLOMON | ROSELAND, NEW JERSEY 07068 | HARRY J. CARR◊ |
| BARRY M. PACKIN | (973) 618-0400 | |
| DIANE E. SAMMONS° | FAX: (973) 618-9194 | GREG M. KOHN° |
| LORI I. MAYER° | www.nagelrice.com | ANDREW I. PEPPER |
| RANDEE M. MATLOFF | | BARRY S. SOBEL |
| ANDREW L. O'CONNOR | | |

119 MAPLE AVENUE
RED BANK, NJ 07701
(732) 933-0900

230 PARK AVENUE
NEW YORK, NY 10169
(212) 551-1465

**PLEASE REPLY TO
ROSELAND OFFICE**

HARRY A. MARGOLIS
(1928-2002)

*CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY
° MEMBER OF N.J. & N.Y. BARS
◊ MEMBER OF N.J. & D.C. BARS

June 27, 2012

**Via E-Filing and Lawyer's Service**
The Honorable Joel A. Pisano, U.S.D.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

   Re:  **MicroBilt Corporation v. Chex Systems Inc., et al.
        Civil Action No. 12-2902**

Dear Judge Pisano:

   We represent Plaintiff MicroBilt Corporation ("MicroBilt") in the above matter. Please accept this letter brief as our opposition to defendant Chex Systems, Inc.'s ("Chex") motion to join in co-defendants, Gunster, Yoakley & Stewart, P.A. and David M. Wells' (the "Gunster Defendants") Motion to Withdraw the Reference and to Transfer Venue and Chex' letter dated June 25, 2012 in further support of its motion to join.

   Chex relies mainly on the arguments made by the Gunster Defendants in their moving papers. As stated in our opposition to the Gunster Defendants' motion, they have failed to demonstrate how withdrawal of the reference will promote uniformity in bankruptcy administration, reduce forum shopping and confusion, foster the economical use of the Debtors' and creditors' resources or expedite the bankruptcy process. Chex offers nothing new or additional in its papers that would change that fact.

   Chex had ample time to file a motion to withdraw the reference and failed to do so. Contrary to Chex' argument that its motion for joinder is timely, it is now too late. Applying the general principles concerning timeliness, particularly in the context of a Chapter 11 proceeding, Chex' motion is untimely both because it could (and should) have been filed earlier, before Chex

filed an answer, and because MicroBilt's reorganization proceedings are now at a critical point which demands particularly strict application of the timeliness requirement. See In re Baldwin-United Corp., 57 B.R. 751, 754 (S.D. Ohio 1985). Further, Chex strategically decided to wait to join in the Gunster Defendants' motion until after MicroBilt filed its opposition papers to attempt to gain a tactical advantage. This type of gamesmanship shall not be countenanced. As such, Chex' motion to join should be denied.

Despite Chex' attempts to distinguish the claims and facts in each of the adversary proceedings currently pending, the fact remains that there are witnesses and facts that overlap which would result in duplicative discovery if the motion to withdraw the reference is granted.[1] For example, in its June 25, 2012 letter, Chex conveniently neglects to address all of MicroBilt's causes of action against it. Instead, Chex focuses on one claim regarding its improper attaching of MicroBilt's confidential information to its complaint against DP Bureau, LLC. What Chex leaves out is MicroBilt's claims for breach of contract and breach of the amendment to the contract overlap with the facts and discovery that has been ongoing between Chex and MicroBilt in the other adversary proceedings. See MicroBilt's opposition brief at page 10-11. The debtor's resources will not be best conserved by transferring this matter out of the bankruptcy court nor will judicial economy be promoted.

As stated in our opposition brief, MicroBilt's choice of forum should be given great deference. Chex offers no new reasons in its papers for a transfer of the case to Florida. Transferring this case to the District Court in Florida would serve neither "the convenience of parties or witnesses," nor "the interest of justice." §1404(a). Even if this Court withdraws the reference to the bankruptcy court, New Jersey is the proper forum for this case. MicroBilt is a New Jersey based company and is entitled to bring its claims in New Jersey.

Further, Chex and the Gunster Defendants would like for this Court to believe, without any support, that because a plan of reorganization has been filed that it will be confirmed and MicroBilt's bankruptcy will be fully administered. Notwithstanding the Defendants' optimism regarding the plan, both Chex and the U.S. Trustee objected to the plan. See 11-18143-MBK, docket nos. 490, 493. In fact, as a result of the objections from Chex and the U.S. Trustee, the confirmation hearing will not occur until August 7, 2012 at the earliest. Thus, it will be improper for this Court to consider the unknown status of a plan in making its determination in this case.[2] Again, the Defendants assert facts without any support for its position. They state that the outcome of this adversary proceeding will have no impact upon creditors' recoveries or administration of MicroBilt's bankruptcy case. No support is offered for this position, yet the Gunster Defendants would like this Court to not only accept it as true but rely on it in

---

[1] The fact that Chex has filed motions to withdraw the reference in the other adversary proceedings has no bearing on the outcome of this motion. Despite Chex' inference that their motions are somehow meritorious and should factor into this Court's determination, no determination has been made as to the timeliness or merits of those motions.

[2] Although MicroBilt believes that its plan of reorganization should be and will be confirmed, at this time MicroBilt is awaiting confirmation from the bankruptcy court, which is scheduled for August 7, 2012.

2

determining the outcome of this motion. These unsupported statements by the Defendants should not be considered.

Based upon the foregoing, the Gunster Defendants' motion to withdraw the reference and transfer venue and Chex' motion to join should be denied.

Respectfully,

GREG M. KOHN

cc: Joseph L. Schwartz, Esq.
Derek Baker, Esq.