**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                    :
MICROBILT CORPORATION,              :
                                    :
                    Plaintiff,      :
                                    :          Civil Action No. 12-02902 (JAP)
        v.                          :
                                    :          **ORDER**
CHEX SYSTEMS, INC., et al.          :
                                    :
                    Defendants.     :
_____   :

Presently before the Court is a motion by Defendants Gunster, Yoakley & Stewart P.A. and

David M. Wells (collectively, the "Gunster Defendants") for an order withdrawing the reference to

the United States Bankruptcy Court of the adversary proceeding, *Microbilt Corporation v. Chex*

*Systems, Inc. et al.*, Adversary No. 12-01177, and transferring venue to the United States District

Court for the Middle District of Florida.  Also before the Court is a motion by Defendant Chex

Systems, Inc. ("Chex" and with the Gunster Defendants, "Defendants") to join in the Gunster

Defendants' Motion to Withdraw the Reference and Transfer Venue.  The Defendants seek

withdrawal of the reference because they assert that the adversary proceeding involves certain "non-

core" claims, which the Bankruptcy Court does not have the constitutional authority to adjudicate.

They further argue that the reference should be withdrawn to promote judicial efficiency and

uniformity in the bankruptcy proceeding and to reduce forum shopping and confusion.  Defendants

also assert that venue should be transferred to the Middle District of Florida because the Defendants

are Florida citizens with no connection to New Jersey, the events that give rise to the alleged claims

occurred in Florida, and the Court that adjudicates the dispute will be required to apply Florida law.

Plaintiff/Debtor Microbilt Corporation ("Microbilt") opposes the motions, arguing that the

claims at issue are "core" claims and that permitting the Bankruptcy Court to adjudicate the claims

will promote uniformity and judicial efficiency and reduce forum shopping and confusion. Microbilt further asserts that venue in New Jersey is proper because the Plaintiff's choice of forum should be afforded deference, the New Jersey courts are competent to interpret Florida law and it would be inconvenient to litigate the claims in Florida.  The Court resolves the motions without oral argument as permitted by Federal Rule of Civil Procedure 78.  For the reasons discussed below, the Court will deny the Defendants' motions.

A "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).  In determining if there is cause to withdraw a reference to the bankruptcy court, the Court should consider a number of factors, including "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process."  *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990) (internal citations and quotations omitted).  The Court must also evaluate whether the action sought to be withdrawn is a core or non-core proceeding.  *See In re Nickels Midway Pier, L.L.C.*, 2010 U.S. Dist. LEXIS 7366, at *10 (D.N.J. 2010).  However, "proceedings should not be withdrawn for the sole reason that they are non-core."  *In re Chet Decker, Inc.*, 2006 U.S. Dist. LEXIS 77091, at *7 (D.N.J. 2009).  Rather, "the 'cause shown' requirement in section 157(d) creates a presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy."  *Id.* (citations and quotations omitted).

Here, the Court concludes that Defendants' motion to withdraw the reference is premature since the Bankruptcy Court has not yet determined whether the adversary proceeding is a core or non-core proceeding.  *See, e.g., In re Kara Homes, Inc.*, 2009 U.S. Dist. LEXIS 63215, at *5 (D.N.J. 2009) ("The core or non-core determination is a 'threshold factor' in the withdrawal analysis, and should be made in the first instance by the Bankruptcy Court."); *Certain Underwriters*

2

*at Lloyd's of London v. Otlowski*, 2009 U.S. Dist. LEXIS 6408, at *7-8 (D.N.J. 2009) (holding that motion to withdraw the reference is not ripe for decision until bankruptcy court decides whether the matter is a core or non-core proceeding).  In this case, the Bankruptcy Court has not yet been asked to determine whether the adversary proceeding is core or non-core.  The motion is therefore premature at this time and will be denied without prejudice.

In addition, the Court finds that the interests of justice favor leaving the adversary proceeding with the Bankruptcy Court.  The Bankruptcy Court has familiarized itself with the parties, their relationships and their various disputes and is uniquely situated to address the outstanding issues in this case, as well as to manage issues related to discovery and any potential settlement discussions.  Enabling the Bankruptcy Court to continue to preside over this case will "guarantee, to the utmost extent possibility, uniformity and expeditiousness, will reduce any confusion that this Court may interject into the case at this juncture, will preserve the parties' resources, and will promote the bankruptcy appellate process."  *Nickels Midway*, 2010 U.S. Dist. LEXIS 7366, at *14-15 (finding that motion to withdraw should be denied because the bankruptcy court was already familiar with the parties, their relationships, their financial statuses, and their myriad disputes and was therefore in the best position to adjudicate the issues); *Jamuna Real Estate, L.L.C. v. Bagga*, 2007 U.S. Dist. LEXIS 4559, at *9-10 (E.D. Pa. 2007) (rejecting motion to withdraw non-core proceedings because of "the Bankruptcy Court's broad familiarity with the issues surrounding Defendants' bankruptcy . . . and the fact that the outcome of the adversary action is likely to impact the administration of the bankrupt estates").

The Court is aware of Defendants' assertion that the Bankruptcy Court does not have the constitutional authority to finally adjudicate these claims.  It is not necessary to decide the issue at this time, however, because even if the District Court ultimately must adjudicate the matter, the Bankruptcy Court is currently in the best position to preside over the adversary proceeding and

resolve motions and discovery disputes until such time as the case is ready for final adjudication. *See, e.g., Chet Decker,* 2006 U.S. Dist. LEXIS 77091, at *7-8 ("[E]ven when a district court must ultimately preside over a trial by jury, there is no reason why the Bankruptcy Court may not preside over an adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial."); *Perkins v. Verma,* 2011 U.S. Dist. LEXIS 124793, at *14-16 (D.N.J. 2011) (denying motion to withdraw the reference and granting leave to re-file after the Bankruptcy Court resolved all discovery and pre-trial matters). Accordingly, the Court finds that Defendants' motions should be denied without prejudice. If, after the Bankruptcy Court has resolved all discovery and pre-trial issues, there are remaining claims over which the Bankruptcy Court lacks authority, Defendants may then move to withdraw the reference under a new civil action number.

The Court having reviewed the submissions of the parties in support of and in opposition to the Defendants' motions, and the Court finding that immediate withdrawal of this matter from the Bankruptcy Court is not necessary,

IT IS, therefore, on this 16th day of October 2012,

ORDERED that the Gunster Defendants' Motion to Withdraw the Reference and Transfer Venue [docket entry no. 1] is denied without prejudice; and it is further

ORDERED that Chex's Motion to Join in the Gunster Defendants' Motion to Withdraw the Reference and Transfer Venue [docket entry no. 5] is denied without prejudice ; and it is further

ORDERED that *In re: Microbilt Corporation, et al.*, Case No. 11-18143, as well as any associated adversary proceedings, including Adv. Pro. No. 12-01177, are hereby referred to the United States Bankruptcy Court, District of New Jersey; and it is further

ORDERED that the Clerk is directed to close Civil Action No. 12-02902.

/s/ Joel A. Pisano
JOEL A PISANO, U.S.D.J.

4